Harry G. Herman, S.
The executor has filed a. petition requesting the court to direct the sale of certain real property owned by the decedent at the time of her death. The petition alleges that an order directing the sale is necessary because the purchaser contends that there is doubt as to whether the will prohibits the exercise of the statutory power of sale conferred by section 13 of the Decedent Estate Law.
An examination of the will discloses that as originally drafted such instrument contained a provision conferring upon the executor the power to sell, mortgage or lease real property. This provision was deleted, however, prior to execution so that as admitted to probate the will contained no provision whatsoever relating to the sale, mortgage or lease of any real property.
The will is dated May 21, 1961, and the decedent died on July 13, 1963. Section 13 of the Decedent Estate Law was amended by chapter 752 of the Laws of 1947. As appears from the note of the commission, its purpose was to make more effective the statutory power intended to be conferred by said section. The grant of power found in subsection 1 was negated by the first sentence of subdivision 3 since it required such exercise under the supervision of the court, and only if the purpose to be achieved were one authorized by article 13 *1074 of the Surrogate’s Court Act. By subdivision 2 of such section the power to take possession, collect rent, and manage, and to sell, mortgage or lease, may not be exercised (a) where the will expressly prohibits the exercise thereof; (b) or as to such real property as the will expressly provides shall not be sold, mortgaged or leased.
The court refuses to entertain the application for leave to sell such real property. The will as admitted to probate contained no provision express or implied prohibiting the sale of any real property. The provision conferring the power to mortgage, lease and sell having effectively been deleted prior to the execution of the will, such instrument as admitted to probate contained no provision whatsoever permitting or prohibiting a sale. The omission of such provision cannot be interpreted as a prohibition against a sale or against the exercise of the power of sale conferred by section 13 of the Decedent Estate Law. The absence of such provision relating to the sale cannot be regarded as an implied prohibition against sale much less an express prohibition against the sale.
The court accordingly determines that the executor is authorized to sell any real property of which the decedent died seized, without application to the court under article 13 of the Surrogate’s Court Act. Under these circumstances there is no necessity for judicial authority to sell such realty.